### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

MORRIS THWEATT,         :
                    :
        Plaintiff,     :
     v.               :        Civil Action No. 23-1185 (CKK)
                    :
WMATA,            :
                    :
        Defendant.  :

### <u>MEMORANDUM OPINION</u>

Plaintiff Morris Thweatt, appearing *pro se*, has sued the Washington Metropolitan Area Transit Authority (WMATA) for rescinding its offer of employment to him. Pending is WMATA's motion to dismiss plaintiff's amended complaint on the grounds of immunity and failure to state a claim. For the following reasons, the motion is granted.

### I.  BACKGROUND

The allegations in the operative complaint are as follows. On August 31, 2021, plaintiff applied for the position of "Train Operator Trainee" with WMATA. Am. Compl., ECF No. 6 at 1. On December 10, 2021, plaintiff was informed by email that he "was selected to participate in a Pre[-]Employment Skills Test," which plaintiff "successfully passed." *Id*. On January 7, 2022, plaintiff "participated in a Zoom interview." *Id*. Five days later, on January 12th, plaintiff "was offered the position of Subway Train Operator [,] which he gladly accepted." *Id*. at 1-2.

Allegedly, on February 18, 2022, plaintiff "submitted to a background check conducted by a third-party agency who would do a seven[-]year criminal background history check." *Id*. at 2. At an unspecified time, plaintiff "was told by" a WMATA contractor "that his offer of employment was being rescinded by Heather Zeigler" who "said" that "she went back 30 years

on the criminal history and it was her personal decision to rescind the offer of employment." *Id.* at 2-3. Ziegler allegedly told plaintiff that "she didn't like hiring ex-felons[,] didn't like criminals," and that he "had lied about his criminal history." *Id.* at 2.

In a Charge of Discrimination against WMATA signed on January 25, 2023, plaintiff stated that he applied for the position of Subway Train Operator and "received a job offer contingent on a passed background investigation and urine test. On February 10, 2022, I was called and notified that I had failed the background investigation, and my offer was rescinded." Def.'s Mot., Ex. 1, ECF No. 9-2 at 1. Plaintiff stated his belief that he "was discriminated against on the basis of his race (African American) and sex (Male), and he listed "02/10/2021" as the date the "discrimination took place."[1] *Id.* On January 30, 2023, the U.S. Equal Employment Opportunity Commission (EEOC) issued a Dismissal and Notice of Rights, informing plaintiff that it was "closing this charge because" it "was not filed within the time limits under the law, in other words, you waited too long after the date of the alleged discrimination to file your charge." Compl. Ex., ECF No 1-1. The Notice informed plaintiff of his right to file a lawsuit within 90 days of his receipt of the notice.

On April 28, 2023, plaintiff filed a timely complaint, which he amended on May 31, 2023. In the Amended Complaint, ECF No. 6, plaintiff claims "a serious encroachment upon [his] civil rights and employment discrimination" and seeks $7 million "for mental anguish" and $3 million "for punitive damages for egregious encroachment upon my constitutional rights under the Civil Rights Act of 1964." *Id.* at 4.

---

[1] Because plaintiff applied for the position in August 2021, the February "2021" typo is materially insignificant.

## II.  LEGAL STANDARDS

### A.  Rule (b)(1) Motions to Dismiss

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (stating that a court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority"). As such, a court must dismiss a case pursuant to Federal Rule of Civil Procedure 12(b)(1) when it lacks subject-matter jurisdiction.  "[T]he party claiming subject matter jurisdiction . . . has the burden to demonstrate that it exists." *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008) ( (citation omitted)).

In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted); *see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction.").  "At the motion to dismiss stage, counseled complaints as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005).

"Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations

3

in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (cleaned up).  Moreover, a court need not accept as true "a legal conclusion couched as a factual allegation" or an inference "unsupported by the facts set out in the complaint." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (cleaned up).  Ultimately, it remains the plaintiff's burden to prove subject-matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. U.S. Env't Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

**B.  Rule 12(b)(6) Motions to Dismiss**

A party may move under Rule 12(b)(6) to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In ruling on a motion to dismiss for failure to state a claim, the Court accepts as true the well-pleaded allegations in the operative complaint, but "not . . . the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014).  The Court may consider not only "the facts alleged in the complaint" but also "documents attached to the complaint as exhibits or incorporated by

reference in the complaint and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997)).

### C.  *Pro Se* Pleadings

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but still they must satisfy the minimal requirement of alleging sufficient "factual matter" to permit a court "to infer more than the mere possibility of misconduct[.]"  *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 150 (D.C. Cir. 2015) (quoting *Atherton v. District of Columbia Off. of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (internal quotation marks omitted)).  When considering a motion to dismiss, a court should read the *pro se* filings collectively.  *See Brown*, 789 F.3d at 152 ("a district court errs in failing to consider a *pro se* litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss") (quoting *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)).

### III.  DISCUSSION

Defendant argues first that sovereign immunity applies to plaintiff's failure-to-hire claim and, second, that plaintiff has no viable claim under Title VII of the Civil Rights Act of 1964. *See* Def.'s Mem., ECF No. 9-1 at 5-13.  The Court agrees.

### A.  Sovereign Immunity

Federal courts "possess only that power authorized by Constitution and statute." *Kokkonen*, 511 U.S. at 377.  The Eleventh Amendment to the United States Constitution immunizes a State from suit in federal court, unless immunity is waived.[2]  In addition, "Congress

---

[2]   The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

has power to legislate for the District of Columbia and to create an instrumentality that is immune from suit." *Morris v. Washington Metro. Area Transit Auth.*, 781 F.2d 218, 219 (D.C. Cir. 1986). The D.C. Circuit has "repeatedly recognized" that WMATA, as the creation of an interstate compact, "is vested with the sovereign immunities, including state sovereign immunity, of the Signatories to the WMATA Compact," namely Maryland, Virginia, and the District of Columbia. *Schindler Elevator Corp. v. Washington Metro. Area Transit Auth.*, 16 F.4th 294, 297 (D.C. Cir. 2021). Therefore, "[a]bsent a waiver of WMATA's sovereign immunity, a district court lacks jurisdiction over claims brought against it." *Id.* at 303.

Citing the "broad power" the compact confers upon WMATA in employment decisions, the D.C. Circuit has held "that decisions concerning the hiring, training, and supervising of WMATA employees are discretionary in nature, and thus immune from judicial review." *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1217 (D.C. Cir. 1997). Included are decisions, pertinent here, about "the qualification, appointment, and removal" of employees. *Id.* (cleaned up); *see accord Jones v. Washington Metro. Area Transit Auth.*, 205 F.3d 428, 432 (D.C. Cir. 2000) (WMATA "enjoys, to the same extent as each state, immunity from suit in federal court based on its performance of governmental functions" encompassing " 'the hiring, training, and supervision' of WMATA personnel' ") (citation omitted)).

Plaintiff has not pointed to a provision of the compact waiving WMATA's immunity; therefore, the failure-to-hire claim is dismissed under Rule 12(b)(1).

---

United States by Citizens of another State." U.S. Const. amend. XI. The amendment applies equally to suits brought by citizens against their own states. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).

**B. Title VII**[3]

Defendant asserts that dismissal of the Title VII claim is warranted because plaintiff failed (1) to allege sufficient facts to state a claim and (2) to properly exhaust his administrative remedies.  The Court agrees completely.

### 1.  Failure to State a Claim

Title VII prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e–2(a)(1).  Stating a claim under Title VII is not onerous, but it requires more than plaintiff's cryptic references to "employment discrimination" and the "Civil Rights Act of 1964."  Compl. at 4; *cf. Chappell-Johnson v. Powell*, 440 F.3d 484, 488 (D.C. Cir. 2006) (To state a Title VII claim, a plaintiff must allege facts establishing that "(1) [he] is a member of a protected class; (2) [he] suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination.") (citation omitted)).

The facts alleged in the complaint do not link directly or indirectly plaintiff's race, sex, or any other protected classification with the decision to rescind the job offer.  *See* Am. Compl. at 2-3 (attributing the decision solely to plaintiff's criminal history).  Thus, plaintiff has stated no claim to relief under Title VII.  *See Yuvienco v. Vilsack*,  2024 WL 727712, at *3 (D.D.C. Feb. 22, 2024) (noting that "a plaintiff cannot survive a motion to dismiss by providing threadbare or conclusory allegations of discrimination; nor can a plaintiff state a claim merely by invoking his

---

[3]   *See Jones*, 205 F.3d at 434 (noting that Congress has "expressly and effectively abrogated [States'] Eleventh Amendment immunity" from private suits brought under Title VII) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976)).

race or national origin, in the course of a claim's narrative") (quoting *Doe #1 v. Am. Fed'n of Gov't Emps.*, 554 F. Supp. 3d 75, 102–103 (D.D.C. 2021) (cleaned up)).

### 2. Failure to Exhaust

Even if adequately pled, plaintiff's Title VII claim is not maintainable due to his failure to properly exhaust his administrative remedies. *See* Def.'s Mem. at 8-11. Before filing a lawsuit, a Title VII plaintiff "must exhaust [his] administrative remedies [by] filing an administrative charge with the EEOC and allowing the agency time to act on the charge," *Haynes v. D.C. Water & Sewer Auth.*, 924 F.3d 519, 526 (D.C. Cir. 2019) (cleaned up)), so as "to avoid unnecessarily burdening the courts," *Artis v. Bernanke*, 630 F.3d 1031, 1034 (D.C. Cir. 2011) (citation omitted); *see Tapp v. Washington Metro. Area Transit Auth.*, 283 F. Supp. 3d 1, 5 (D.D.C. 2017) ("A plaintiff may file a Title VII action in federal court only after *timely* exhausting administrative remedies before the EEOC.") (emphasis added)). The administrative charge "shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred," 42 U.S.C. § 2000e-5, and the "Title VII lawsuit following the EEOC charge is limited in scope to claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995).

It is clear from the administrative documents attached to both the complaint and motion to dismiss that plaintiff filed his discrimination charge with the EEOC well beyond the 180-day statutory period applicable to claims against WMATA.[4] *See Norris v. Washington Metro. Area*

---

[4]    In his Opposition to the Motion to Dismiss, ECF No. 11, plaintiff refers to the EEOC's right-to-sue letter, positing that "the EEOC would [have] inform[ed]" him "that his statute of limitations [had] expired and wouldn't [have] issued a . . . right to sue letter." *Id.* at 3. He is mistaken. That plaintiff filed his lawsuit within 90 days of the final agency action is not at issue, and "the administrative time limits" that are at issue "erect no jurisdictional bars to bringing suit," *Doak*, 798 F.3d at 1104 (quoting *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997)), but rather affect the maintenance of the suit.

*Transit Auth.*, 342 F. Supp. 3d 97, 110, n.4 (D.D.C. 2018) (noting that WMATA's immunity extends to the 300-day exception under 42 U.S.C. § 2000e-5(e)(1) for claims instituted locally pursuant to an agreement between the EEOC and the D.C. Office of Human Rights).  And although Title VII's time limits "are subject to equitable tolling, estoppel, and waiver," *Doak v. Johnson*, 798 F.3d 1096, 1104 (D.C. Cir. 2015) (cleaned up), defendant argues correctly that plaintiff has asserted no reason for the Court to invoke its equitable power.  *See* Def.'s Mem., ECF No. 9-1 at 9-11; *Dyson v. D.C.*, 710 F.3d 415, 418 (D.C. Cir. 2013) ("Application of equitable tolling is solely within the Court's discretion" and is " 'exercised only in extraordinary and carefully circumscribed instances.' ") (quoting *Smith–Haynie v. District of Columbia*, 155 F.3d 575, 580 (D.C. Cir. 1998)).  Consequently, the Title VII claim is dismissed under Rule 12(b)(6).

## IV.  CONCLUSION

For the foregoing reasons, the Court grants defendant's motion to dismiss.  A separate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: March 5, 2024